UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 1:14-CR-00215-08** |
| **VERSUS** | **JUDGE DRELL** |
| **GERALD DEWAYNE SANDERS (08)** | **MAGISTRATE JUDGE HORNSBY** |

O R D E R

Gerald Dewayne Sanders ("Sanders" or "Defendant") was one of eight (8) defendants indicted on multiple drug conspiracy charges involving the distribution of methamphetamine, a controlled dangerous substance, in violation of 21 U.S.C. §§ 841(a)(1), 843(b). (Doc. 1). Sanders was sentenced to 120 months of incarceration plus a three-year period of supervised release to commence upon his release. (Doc. 252). Sanders is currently incarcerated at FCI Yazoo City Low in Yazoo City, Mississippi. (Doc. 357). Now before the court is Defendant's motion for release to home confinement under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") (Pub. L. 116-136). (Doc. 357). The motion is ripe for disposition, having been fully briefed by the parties. The government opposes the requested relief in this case. (Doc. 360).

Defendant's motion seeks transfer from his current place of incarceration at FCI Yazoo City Low to home confinement under the CARES Act. (Doc. 357). As this and many other courts have previously found, a district court lacks jurisdiction to adjudicate the issue of which inmates should be reassigned to home confinement under the CARES Act. United States v. Korieocha, 2020 WL 2331679 (E.D. La. 2020); United States v. Gentry, 2020 WL 2131001 (W.D. La. 2020); United States v. Figueroa Maldonado, 2020 WL 2225182 (S.D. Tex. 2020); United States v. Echols, 2020 WL 2309255 (N.D. Miss. 2020). Sanders' request for consideration for transfer to home confinement under the CARES Act must be made to the Bureau of Prisons ("BOP"), which

1

is the agency vested with the authority to designate the place of confinement for all inmates. *See* 18 U.S.C. § 3621(b).

Out of an abundance of caution, the government's response also assumes Defendant's motion seeks compassionate release under the First Step Act (18 U.S.C. §3582(c)(1)(A)). (Doc. 360 at p. 4). The government argues that, having failed to first exhaust all available administrative remedies as required by statute, Sanders' claim for compassionate release must be denied for lack of jurisdiction. (Id. at pp. 4-5).

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." As set forth in Section 3582(b), these circumstances are: (1) upon a motion for sentence reduction under 18 U.S.C. §3582(c)(1)(A); (2) in the manner and to the extent provided for in Fed. R. Crim. P. 35 and (3) where a sentence was imposed based on a sentencing guideline range that has since been retroactively lowered. 18 U.S.C. §3582(b); Dillon v. United States, 560 U.S. 817 (2010).

Motions for sentence reduction under Section 3582(c)(1)(A), most often referred to as compassionate release motions, may be filed at the inmate's request by the BOP or by the inmate himself after exhaustion of his administrative remedies. The exhaustion requirement for motions filed directly by the inmate is mandatory and a jurisdictional prerequisite in this court. Ross v. Blake, 136 S.Ct. 1850 (2016); United States v. Chambliss, 948 F.3d 691, 692-93 (5th Cir. 2020).

Section 3582(c)(1)(A) provides that prisoners may exhaust their administrative remedies by (1) filing a motion with the court after fully exhausting all administrative rights to appeal the BOP's decision not to file a motion for compassionate release, or (2) filing a motion with the court after requesting release when there has been a lapse of thirty (30) or more days from the receipt of

such request by the warden of the Defendant's facility, whichever is earlier. 18 U.S.C. §3582(c)(1)(A).

To the extent that Sanders' motion seeks compassionate release, the motion is DENIED for lack of jurisdiction based Sanders' failure to exhaust his administrative remedies in this case. Sanders does not allege that he filed a request for compassionate release. The government's response asserts that Sanders did not first make such request to BOP. (Doc. 360 at p. 2.). As we have previously noted, this court lacks the authority to waive an inmate's obligation to exhaust administrative remedies in compassionate release cases. Ross at 1856-57; United States v. Raia, 954 F.3d 594 (3d Cir. 2020).

In this case, even if Sanders could demonstrate exhaustion, this court would not grant the motion for compassionate release, as this Defendant does not present "extraordinary and compelling reasons" for a grant of such relief as is also required by Section 3582(c)(1)(A). Sanders alleges that he suffers from hypertension, asthma and tuberculosis.[1] (Doc. 357). Sanders notes that he takes Lisinopril for his hypertension. (Id.). The Defendant also alleges that Yazoo City Low "has the most cases [of COVID-19] in the BOP at this time."[2] (Id.).

U.S.S.G. § 1B1.13 provides, in application note 1, that the following reasons may constitute "extraordinary and compelling" circumstances such as would permit a court to grant relief under § 3582(c)(1)(A):

> (A)  Medical Condition of the Defendant –
>   (i)  The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of

---

[1] The court notes that, while we take Defendant's allegations of underlying health conditions as true for the purposes of this motion, we have before us no supporting medical evidence to demonstrate the existence, severity or prognosis related to these conditions.

[2] The court is not certain of where the Defendant gathered the data he relies on for this particular statement, but was able to ascertain that, as of May 22, 2020 Yazoo City Low recorded active COVID-19 infections in 16 inmates and 6 staff according to www.bop.gov/coronavirus. These statistics do not place FCI Yazoo City Low in the position of reporting the most COVID-19 cases among inmates or staff within the BOP.

      life trajectory). A specific prognosis of life expectancy (i.e. a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

  (ii) The defendant is –
    (I) suffering from a serious physical or mental condition,
    (II) suffering from a serious functional or cognitive impairment, or
    (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant. – The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances. –
  (i) The death or incapacitation of the caregiver of the defendant's minor child or children.
  (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only caregiver for the spouse or registered partner.

(D) Other Reasons. – As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

Although Sanders' underlying medical conditions - when uncontrolled - may be among those conditions linked to increased COVID-19 risk, Defendant does not assert that his conditions are uncontrolled. The court is aware of both the general, worldwide concerns associated with COVID-19 and the particular concerns associated with this pandemic in inmate populations. The court is monitoring these inmate-related concerns carefully and is satisfied that the BOP is similarly engaged and responding in an appropriate manner.

Based upon our reasoning above, it is hereby

ORDERED that the Defendant's motion for home confinement under the CARES Act (18 U.S.C. §3624) and/or compassionate release under the First Step Act (18 U.S.C. §3582(c)(1)(A)) (Doc. 357) is DENIED for lack of jurisdiction.

THUS DONE AND SIGNED this 22nd day of May, 2020 at Alexandria, Louisiana.

DEE D. DRELL, JUDGE
UNITED STATES DISTRICT COURT